UNITED STATES DISTRICT COURT
for the
Southern District of Florida



FILED by DR  D.C.
ELECTRONIC
January 12, 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

GEORGE LONGMORE
    Plaintiff,

vs.

Case No:

**15-CV-60058 Bloom/Valle**

MITCHELL D. BLUHM & ASSOCIATES
    Defendant.

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692 et seq, THE FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559 and TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C §27.**

**JURISDICTION**

1. This court has jurisdiction under 15 U.S.C §1692k(d), Fla. Stat. §47.051, and 47 U.S.C. §227(b)(3) and 28 U.S.C §1331. This court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C §1367.

2. All conditions precedent to the bringing of this action has been performed.

**PARTIES**

3. The Plaintiff in this lawsuit is GEORGE LONGMORE, (hereinafter "Plaintiff") a natural person, who resides in Broward County, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

4. The Defendant in this lawsuit is MITCHELL D. BLUHM & ASSOCIATES (hereinafter "Bluhm") who conducts business in Broward County, FL. and has offices at 2222 Texoma Pkwy, Suite 160, Sherman, Texas 75090 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5. Defendant is authorized to conduct business in the State of Florida.

6. Defendant regularly uses the mail and telephone in a business which the principal purpose is the collection of debts.

7. Defendant regularly collects or attempts to collect debts for other parties.

8. Defendant is a "debt collector" as defined in the FDCPA.

9. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## VENUE

10. The occurrences which gave rise to this action occurred in Broward County, FL. and Plaintiff reside in Broward County, FL.

11. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.

## FACTUAL ALLEGATIONS

12. There is no established business relationship between Plaintiff and Defendant.

13. Plaintiff has never given Defendant prior expressed consent (written or verbal) to be contacted by the use of automatic telephone dialing equipment.

14. On October 22, 2014, Defendant called Plaintiff using an "automated telephone dialing system" in an attempt to collect a debt.

15. Plaintiff has never received a Dunning Letter from Defendant claiming a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

16. Defendant has failed to send a letter to Plaintiff notifying him of his rights and privileges under the law.

17. Defendant has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to determine whether or not he owes the alleged "debt" and whether the alleged "debt" was correctly calculated.

18. On November 13, 2014 Defendant received USPS Certified Letter # 7014 0150 0002 1082 0920 which was a "NOTICE OF PENDING LAWSUIT" sent by Plaintiff.

19. Defendant has not responded to "NOTICE OF PENDING LAWSUIT".

## COLLECTION CALLS

20. From October 20, 2014 until October 31, 2014 Defendant (MITCHELL D. BLUHM & ASSOCIATES) willfully and knowingly called Plaintiff (GEORGE LONGMORE) no less than 2 times using a "automatic telephone dialing system" in an attempt to collect this debt, which were "communications" as that term is defined by 15 U.S.C. § 1692a(2).

## SUMMARY

21. All of the above – described collection communications made to Plaintiff by Defendant, and collection employees employed by Defendant, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to:

22. During its collection communications, Defendant and the individual debt collectors employed by Defendant failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692(d), and 1692 U.S.C. § 1692e, amongst others.

23. The above –detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt were violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above – mentioned provisions of the FDCPA.

## CAUSES OF ACTION

### COUNT 1

### VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT 15 U.S.C. § 1692 et seq.

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above – cited provisions of FDCPA, 15 U.S.C. § 1692 et seq.

26. As a result of the Defendants violations of the FDCPA, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C § 1692k(a)(2)(a); and, reasonable attorneys' fees and cost pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

Wherefore, Plaintiff demands judgment against Mitchell D. Bluhm & Associates for actual, statutory and/or punitive damages, and fees and cost, along with any other further relief as the court deems just and proper, pursuant to 12 U.S.C. §1692k.

## COUNT 2

### FAILURE TO SEND WRITTEN NOTICE WITHIN 5 DAYS OF INITIAL COMMUNICATION

27. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

28. Defendant failed to send written notification within 5 days of its initial communication with Plaintiff, advising Plaintiff of his rights to dispute the debt or request verification of the debt in violation of 15 U.S.C § 1692g.

Wherefore, Plaintiff demands judgment against Mitchell D. Bluhm & Associates for actual, statutory and/or punitive damages, and fees and cost, along with any other further relief as the court deems just and proper, pursuant to 12 U.S.C. §1692k

## COUNT 3

### HARRASSMENT OR ABUSE

29. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

30. Defendant placed no less than 2 telephone calls to Plaintiff. The above – detailed conduct by this Defendant's communications in an attempt to collect a debt is in violation of 15 U.S.C § 1692 d(5).

31. Wherefore, Plaintiff demands judgment against Mitchell D. Bluhm & Associates for actual, statutory and/or punitive damages, and fees and cost, along with any other further relief as the court deems just and proper, pursuant to 12 U.S.C. §1692k.

5

## COUNT 4

## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(PART IV)

32. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

33. Defendant violated FCCPA, FLA. STAT§559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

Wherefore, Plaintiff demands judgment against Mitchell D. Bluhm & Associates for actual, statutory and/or punitive damages, and fees and cost, along with any other further relief as the court deems just and proper, pursuant to 12 U.S.C. §1692k.

## COUNT 5

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. 227

34. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

35. Defendant violated TCPA 47 U.S.C. 227b(1)(A) by making a call (other than a call made for emergency purpose or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice.

Wherefore, Plaintiff demands judgment against Mitchell D. Bluhm & Associates for actual, statutory and/or punitive damages, and fees and cost, along with any other further relief as the court deems just and proper, pursuant to 12 U.S.C. §1692k.

## COUNT 6

## VIOLATION OF TELEPHONE COMSUMER PROTECTION ACT (TCPA) 47 U.S.C. 227

35. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

36. Defendant violated TCPA 47 U.S.C. 227b(1)(B) to initiate any telephone call to any residential telephone line using a artificial or prerecorded voice to deliver a message without the prior written consent of the called party.

**Wherefore**, Plaintiff, George Longmore demands judgment against Defendant, Mitchell D. Bluhm & Associates for actual, statutory and/or punitive damages, and fees and cost, along with any other further relief as the court deems just and proper, pursuant to 12 U.S.C. §1692k.

## REQUEST FOR JURY

Plaintiff is entitled and hereby requests a trial by jury

Dated: Jan 12, 2015

respectfully submitted,

George Longmore
*Pro se*
607 NW 155 Ter,
Pembroke Pines, Fl, 33028
(954) 871-1602
georgelongmore@comcast.net

7